2011 UT App 151

**Michael Creps BROOK and Robert George Wray, Plaintiffs and Appellants,**

v.

**James H. WOODALL; Lehman Brothers Bank, FSB; Lehman Brothers Holdings, Inc.; Joseph Rohan; and Aurora Loan Services, LLC, Defendants and Appellees.**

No. 20100873–CA.

Court of Appeals of Utah.

May 12, 2011.

---

Michael Creps Brook, Santaquin; and Robert George Wray, Torrey, Appellants Pro Se.

Peter J. Salmon and R. Spencer Mac-Donald, San Diego, CA, for Appellee James H. Woodall.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Plaintiffs Michael Creps Brook and Robert George Wray, as Brook's purported Trustee on a deed of trust,[1] appeal the district court's order granting Defendants' motion to dismiss. This matter is before the court on its own motion for summary disposition on the basis that "no substantial question is presented," Utah R. App. P. 10(e). Therefore, we affirm the district court's dismissal.

---

1. Wray was not a party to the deed of trust and claims no interest in the property subject to this lawsuit. Instead, he claimed to have been

¶ 2 "'The propriety of a [rule] 12(b)(6) dismissal is a question of law'; therefore, 'we give the trial court's ruling no deference and review it under a correctness standard.'" *Sony Elecs., Inc. v. Reber*, 2004 UT App 420, ¶ 8, 103 P.3d 186 (quoting *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991)). Brook and Wray filed a convoluted complaint that appears to request that the district court vacate a purported illegal trustee's sale and quiet title to a parcel of property in their names. They also asked for various forms of monetary damages. The gravamen of the complaint appears to allege that Lehman Brothers Bank, FSB issued Brook an invalid loan for a parcel of property in Santaquin, Utah. With these strange and vague allegations, Brook and Wray appear to be attempting to plead the theory known in the credit industry as a "vapor money" or "no money lent" theory, which is commonly pleaded in an effort to avoid legitimate debts. *See generally Barnes v. Citigroup, Inc.*, No. 4:10CV620JCH, 2010 WL 2557508, at *2, 2010 U.S. Dist. LEXIS 59140, at *5–6, (E.D.Mo. June 15, 2010) (discussing the vapor money theory). As in the typical vapor money claim, the complaint alleges that Lehman Brothers Bank, FSB issued Brook an invalid loan because the loan was backed by credit and not lawful money. Accordingly, because the loan was invalid, Brook was not obligated to repay the loan, and therefore, Defendant James Woodall conducted an illegal trustee foreclosure sale.

¶ 3 However, this "'vapor money' theory has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years." *Frances Kenny Family Trust v. World Sav. Bank FSB*, No. C04–03724 WHA, 2005 WL 106792, at *5–6, 2005 U.S. Dist. LEXIS 2403, at *16–17 (N.D.Cal. Jan. 19, 2005) (awarding attorney fees against the plaintiffs and their attorneys for "abuse of the judicial process" despite the plaintiffs' voluntary dismissal of the complaints); *see also Demmler v. Bank One NA*, No. 2:05–cv–322, 2006 WL 640499, at * 3–4, 2006 U.S. Dist. LEXIS 9409, at *10–11 (S.D.Ohio Mar.

Brook's "duly appointed Trustee." In any event, during the pendency of this appeal, Wray withdrew as the purported trustee.

9, 2006) (determining that the no money lent theory pleaded in the case was "utterly frivolous and lacks any legal foundation whatsoever," and that "this patently ludicrous argument .... ha[s] been rejected by federal courts across the country"); *Nixon v. Individual Head of the St. Joseph Mortg. Co.*, 615 F.Supp. 898, 899–901 (N.D.Ind.1985) (dismissing, awarding attorney fees, and sanctioning the plaintiff for bad faith claims pleaded in a complaint that alleged the bank's check, which he used to purchase a house, was an illegal tender); *Alcorn v. Washington Mut. Bank, F.A.*, 111 S.W.3d 264, 266 (Tex.App.2003) (stating that the "vapor money" theory is a legally erroneous concept apparently based on the misinterpretation of a publication of the Federal Reserve System).

¶ 4 We agree that the vapor money theory as alleged in the complaint has no basis in law. Accordingly, the district court correctly determined that the complaint failed to state a claim for which relief could be granted.

¶ 5 Affirmed.

¶ 6 WE CONCUR: GREGORY K. ORME, Judge, and J. FREDERIC VOROS JR., Judge.